CHERYL C. ROUSE (State Bar No. 118313)
NORMAN P. BAHLERT (State Bar No. 135693)
LAW OFFICES OF ROUSE & BAHLERT
1246 18th Street
San Francisco, CA 94107
Tel (415) 575-9444
Fax (415) 575-9440
rblaw@ix.netcom.com

Attorneys for Movant/Plaintiff
NGC Fund I LLC, a Delaware
Limited Liability Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>LAURIE ANN HARMS,<br><br>Debtor.<br>_____<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE-HOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27, and NGC FUND I LLC,<br><br>Plaintiffs,<br>v.<br><br>DALE HARMS, LAURIE HARMS, and DOES 1-5 inclusive,<br><br>Defendants.<br>_____ | Case No.: 20-41442<br>Chapter 13<br><br>Adv.Pro.No. 20-04046<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND UNDER 28 U.S.C. §1452(b) AND/OR §1447(c)**<br><br>[28 U.S.C. §1452(b), 28 U.S.C.§1447(c), FRBP Rule 9027(d)]<br><br>Date:  November 25, 2020<br>Time:  10:30 a.m.<br>Ctrm: 220<br>1300 Clay Street, 2nd Floor<br>Oakland, CA 94612<br><br>**[Per Fourth Amended General Order 38, the hearing will not be conducted in the courtroom, but will be held by telephone or video conference]** |

TO THE COURT AND TO ALL INTERESTED PARTIES:

NGC Fund I LLC, a Delaware Limited Liability Company, Movant and Plaintiff herein, hereby replies to Defendant's opposition to Plaintiff's motion to remand this case back to the

Superior Court of the State of California, County of Contra Costa pursuant to 28 U.S.C. §1452(b), 28 U.S.C.§1447(c) and F.R.B.P Rule 9027(d) as follows:

1. On October 15, 2020, this court entered its Order Granting Motion for Relief For Relief From the Automatic Stay and the Co-Debtor Stay ("Relief from Stay Order") which lifted the automatic stay for cause under 11 U.S.C. §362(d)(1) as of October 7, 2020 and modified the stay under F.R.B.P. Rule 4001(a)(3) to ten days, which expired on October 19, 2020, so that Movant could proceed to trial in the state court unlawful detainer action on October 21, 2020. The court granted the motion after having found that the Superior Court is the proper forum to try the Unlawful Detainer Action ("UD Action"). Pursuant to Rule 8002(a)(1), a notice of appeal of the Relief from Stay Order was required to be filed by October 29, 2020. Defendant/Debtor failed to file a notice of appeal by that date. The removal of the UD Action to the bankruptcy court by Defendant/Debtor is an improper attempt to have the bankruptcy court reverse the Relief from Stay Order.

2. Defendant filed the Notice of Removal on October 19, 2020 prior to the scheduled UD trial date of October 21, 2020. This divested the Superior Court of jurisdiction over the UD Action. Yet, Defendant claims in her declaration in support of the opposition that, on October 21, 2020, *after the removal to this court*, she attempted to enter the courthouse without wearing a facemask and was refused entry. Since this purported action was done after the removal, it is irrelevant.

3. Defendant states in her opposition that the Superior Court denied her "Request for Accommodation by persons with disabilities" and that her "husband" filed "several writs with the Appellate Division of the Court, then a request for transfer to the Court of Appeal, then directly with the Court of Appeal all of which were denied." (Opposition, page 2, lines 7-10). She claims that her due process rights have been violated by the state court. However, none of the orders or rulings on the writs have been produced as part of the Opposition. Defendant appears to be requesting that the bankruptcy court function as an appeals court for decisions made by the state court, which the bankruptcy court has no jurisdiction to do under the Rooker-Feldman Doctrine. As stated in The Rutter Group California Practice Guide: Bankruptcy (TRG), Ch. 1B, §1:270: "The U.S. Supreme Court has exclusive jurisdiction to review state court judgments for errors in federal law. Federal

1 district courts—including bankruptcy courts—lack jurisdiction to engage in what is essentially appellate review of state court determinations of federal questions or to evaluate constitutional claims "inextricably intertwined" with a state court judgment. *[Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey Police Dept*. (3rd Cir. 1992) 973 F2d 169, 177; *Blue Cross & Blue Shield of Maryland, Inc. v. Weiner* (11th Cir. 1989) 868 F2d 1550, 1554-1556."

4. Defendant asserts additional arguments in the Opposition which frankly make no sense, e.g. the "Express Lawful Demand for Stipulation." (Opposition, page 3). Defendant also contests the validity of the assignment of the deed of trust which was foreclosed upon and states that as the basis for her claim to ownership of the subject property (Opposition, page 7, line 23) In support of this argument, Defendant submits via a Request for Judicial Notice Affidavits that appear to have been submitted in a different superior court case than the UD Action, i.e. *Dale Harms, individually, and as Trustee of the Resting Place Eleemosynary Trust v. The Bank of New York Mellon, et al*. Case No. MSC20-00236, Contra Costa Superior Court. A review of the superior court's docket in that matter show that judgment was entered against Dale Harms in that case and that Mr. Harms has been declared a vexatious litigant. Further, a review of the court's tentative ruling on the vexatious litigant motion shows that that Mr. Harms has repeatedly litigated the issue of the validity of the assignment and lost each time. (See Declaration Cheryl C. Rouse, para. 3, and Exhibits "A" and "B" thereto)

The UD Action clearly should be resolved in the Superior Court where it has been pending since 2019. Therefore, based upon the reasons set forth in Plaintiff's motion to remand and in this reply brief, Plaintiff respectfully prays for an Order of this court as follows:

1. Remanding this case back to the Superior Court of the State of California, County of Contra Costa pursuant to 28 U.S.C. §1452(b) and/or 28 U.S.C. §1447(c) and F.R.B.P Rule 9027(d).

2. For such other and further relief as the court deems just and proper.

Dated: November 18, 2020 ` LAW OFFICES OF ROUSE & BAHLERT

BY: /s/ Cheryl C. Rouse
CHERYL C. ROUSE
Attorneys for Movant NGC Fund I LLC, a Delaware Limited Liability Company